UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CARLOS L. CONTRERAS,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR CLARK, et al.,<br><br>Defendant. | **CASE NO. 1:17-cv-00905-AWI-MJS (PC)**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(ECF NO. 7)**<br><br>**ORDER DENYING MOTION FOR PHYSICAL EXAMINATION UNDER FEDERAL RULE 35**<br><br>**(ECF NO. 18)** |
|---|---|

Plaintiff proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's case is currently scheduled for a settlement conference on March 23, 2018. Plaintiff has filed a motion to appoint counsel (ECF No. 7) and a motion for a physical examination by a licensed physician pursuant to Federal Rule of Civil Procedure 35 (ECF No. 18).

**I.  Motion to Appoint Counsel**

Plaintiff moves the Court to appoint counsel on the grounds that he lacks the legal expertise necessary to prosecute his case.

Plaintiff does not have a constitutional right to appointed counsel in this action,

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Accordingly, the Court will deny the motion.

**II.     Motion for Physical Examination**

Plaintiff moves for an examination by a licensed physician under Federal Rule of Civil Procedure 35. (ECF No. 18.) It appears that Plaintiff seeks appointment of a physician to conduct a physical examination in order to provide expert support for Plaintiff's deliberate indifference to serious medical need claims.

Federal Rule of Civil Procedure 35(a) permits the Court to order a party to submit to a physical examination, or to order a party to produce for examination a person who is in its custody or under its legal control. It does not provide authority for the Court to order a defendant to pay for testing that might substantiate a plaintiff's case. On motion and for good cause shown,

> [t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1).

The purpose of Rule 35 is to allow a movant to request examination of a party whose mental or physical condition is in controversy, not for a party to request examination of himself for purposes of supporting his claim. Plaintiff does not address who would pay the costs of such an examination. See Quintana v. Swarthout, No. 2:09–cv–3221 KJM CKD, 2012 WL 5499872 (E.D. Cal. Nov. 13, 2012); Johnson v. Cate, No. 1:10–cv–0803–AWI–MJS, 2014 WL 6978324 (E.D. Cal. Dec. 9, 2014).

If Plaintiff is requesting that the California Department of Corrections and Rehabilitation ("CDCR") provide a physician to examine him, he seeks to impose on Defendant the burden of producing evidence to support Plaintiff's own case. CDCR's statutory obligation to pay for Plaintiff's medical care does not impose such an obligation. Plaintiff has provided no authority for doing so.

This court is aware of no authority allowing it to order an independent medical or mental examination at government expense for an indigent plaintiff in a civil action. Plaintiff fails to show good cause for the requested examination.. See Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (denial of indigent prisoner's request for Rule 35(a) exam affirmed, where his motion revealed its purpose "was to obtain medical care and complain of deliberate indifference to his serious medical needs").

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 7) is DENIED; and
2. Plaintiff's motion for physical examination (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated: February 26, 2018        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE